```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STRIKE 3 HOLDINGS, LLC,

                  Plaintiff,

-against-

JOHN DOE subscriber assigned IP address 74.108.28.58,

                  Defendants.

1:22-cv-3848 (MKV)

**ORDER GRANTING MOTION TO SERVE THIRD PARTY SUBPOENA**

---

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Strike 3 Holdings, LLC moves *ex parte*, pursuant to Federal Rule of Civil Procedure 26(d)(1), for leave to serve a third party subpoena prior to a Rule 26(f) conference. [ECF No. 6].[1] Specifically, Plaintiff seeks to serve a subpoena on Verizon Fios ("Verizon"), an internet service provider ("ISP"), in order to ascertain the identity of the John Doe defendant in this case, whose Internet Protocol ("IP") address has been associated with alleged infringement of Plaintiff's copyrighted works. For the reasons below, Plaintiff's motion is granted.

## DISCUSSION

      Generally, Federal Rule of Civil Procedure 26(d)(1) forbids a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)." *See Malibu Media, LLC v. John Does 1-13*, 12-cv-1156 (JFB) (ETB), 2012 WL 1020243, at *1 (E.D.N.Y. Mar. 26, 2012); *see also* Civil Practice in the Southern District of New York § 20:8 (2022). However, the Federal Rules also provide that a party may engage in expedited discovery before such a conference pursuant to court order. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when

---

[1] In support of its motion, Plaintiff has filed a memorandum of law ("Pl. Br."). [ECF No. 7].

1

authorized . . . by court order."). When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. John Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y. Jan. 30, 2012) (quoting *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)). The Second Circuit has identified the "principal factors" for district courts to consider when determining whether expedited discovery is appropriate in an infringement case such as this. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (quoting *Sony Music Entertainment Inc. v. Does 1–40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004)). These factors include (1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the defendant's expectation of privacy. *Id.* at 119. Application of the factors identified in *Arista* confirms that Plaintiff here is entitled to expedited discovery.

Plaintiff has made out a *prima facie* claim of copyright infringement. To make out a *prima facie* case of copyright infringement, a party must show (1) ownership of a valid copyright in the item and (2) unauthorized copying. *See Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003). The allegations in Plaintiff's complaint set out the copyrighted works at issue (*see* Compl. [ECF No. 1] ¶¶ 32–33, 36–39) and Plaintiff provides a detailed analysis of how Defendant copied those works along with the exact date and time of the alleged infringement (*see* Compl. ¶¶ 20–47; Declaration of Dave Williamson [ECF No. 7-1]; Declaration of Susan B. Stalzer [ECF No. 7-3]). In particular, Plaintiff alleges that Defendant used the BitTorrent file sharing network ("BitTorrent") to illegally download and distribute Plaintiff's works. *See* Compl. ¶¶ 20–31.

The second factor also weighs in favor of the requested discovery. Plaintiff requests only the true name and permanent address of John Doe, a limited set of facts that are "highly specific in nature." *Strike 3 Holdings, LLC v. Doe*, No. 1:18-CV-05590 (AJN), 2018 WL 3756453, at *3 (S.D.N.Y. July 19, 2018) (quoting *Malibu Media, LLC v. Doe No. 4*, No. 12 CIV. 2950 JPO, 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012)).

Third, the Court is not aware of any other means by which the Plaintiff may seek out the Defendant's identity. Indeed, the appeal of BitTorrent to potential infringers is the large degree of anonymity it provides users. *See John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) ("[Plaintiff] has explained that the use of the BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address."). Plaintiff has explained that John Doe can only be identified reliably by cross-referencing the date and time of the alleged infringement with information on the ISP's subscriber logs. (*See* Declaration of Patrick Paige).

The fourth factor also weighs in favor of discovery because, in the absence of the ability to subpoena the ISP, the Plaintiff will be unable to identify and serve Defendant, effectively precluding the litigation of Plaintiff's claim. *See Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 522 (S.D.N.Y. 2019). Moreover, courts within this Circuit have recognized that "[e]xpedited discovery is also necessary to prevent loss of the requested information as a result of routine deletion by the ISPs." *Digital Sin, Inc. v. Does 1-27*, 12-cv-3873 (JMF), 2012 WL 2036035, at *4 (S.D.N.Y. June 6, 2012).

Finally, as other courts in this district have concluded, "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media, LLC v. John Does 1-11*, No. 12 CIV. 3810 ER, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013).

As each of these factors weighs in the favor of Plaintiff, the Court concludes that Plaintiff is entitled to serve a subpoena on Verizon in order to ascertain the identity of John Doe.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff may serve Verizon with a Rule 45 subpoena seeking the name and address of Defendant, to whom Verizon assigned the IP address alleged in the Complaint. Plaintiff must serve a copy of this order on Verizon at the same time it serves the subpoena. To the extent Verizon is a "cable operator" pursuant to 47 U.S.C. § 522(5), it shall comply with 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED that Plaintiff may only use the information disclosed as a result of the anticipated subpoena to prosecute its claims in this action.

The Clerk of Court is respectfully directed to terminate the motion pending at docket entry number 6.

**SO ORDERED.**

**Date:  January 19, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

4